UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

MYBUSINESS LOAN.COM, LLC d/b/a )
DEALSTRUCK, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, ) Case No.
　　　　　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　　　　　)
NTC FINANCIAL, INC. and )
STEPHAN STANFEL, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )
_____)

## COMPLAINT

Plaintiff, MYBUSINESS LOAN.COM, LLC d/b/a DEALSTRUCK, hereby sues NTC FINANCIAL, INC. and STEPHAN STANFEL (collectively, referred to as "Defendants") and alleges:

## NATURE OF THE ACTION

1. This is a civil action for breach of contract pled separately against both Defendants, the Borrower and Guarantor of a loan.

## PARTIES

2. MyBusinessLoan.com, LLC ("Lender") is a limited liability company organized and existing under the laws of the State of California and is located at 1901 Camino Vida Roble, Suite 120, Carlsbad, California 92008.

3. Dealstruck, Inc. ("Dealstruck") is a corporation organized and existing under the laws of the State of Delaware with its business address located at 1901 Camino Vida Roble, Suite 120, Carlsbad, California 92008.

1

4. Dealstruck serves as the manager for Lender.

5. NTC Financial, Inc. ("Borrower") is a corporation organized and existing under the laws of the State of Florida and is located at 120 South Olive Street, Suite 500, West Palm Beach, Florida 33401.

6. Stephan Stanfel ("Guarantor") is sui juris and is listed on the Florida Secretary of State's website as an officer/director of NTC Financial, Inc. His address is listed as 120 South Olive Street, Suite 500, West Palm Beach, Florida 33401.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S. Code §1332, this Court has original jurisdiction over the subject matter of this action because there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of interests and costs.

7. This court has personal jurisdiction over Defendants because they are operating, conducting, engaging or carrying on a business in the State of Florida and engaging in substantial and not isolated activity within the State of Florida.

## GENERAL ALLEGATIONS

8. On or about March 10, 2014, Lender and Borrower entered into loan documents consisting of (1) that certain Loan and Security Agreement attached hereto as Exhibit A ("Loan and Security Agreement"); (2) that certain Note attached hereto as Exhibit B ("Note"); (3) that certain Final Loan Request attached as Exhibit C ("Final Loan Request"); and (4) that certain Borrower Agreement attached as Exhibit D ("Borrower Agreement") (collectively, the "Loan Documents").

9.      Pursuant to the Borrower Agreement and the Loan and Security Agreement, the Parties acknowledge that Borrower desires to and shall apply for various loans from Lender by making loan requests to Lender.

10.     On or about March 10, 2014, Borrower executed the Final Loan Request seeking to borrow the principal sum of $145,000 from Lender. The full amount of the loan was approved by Lender and Borrower's indebtedness is evidence by the Note (the "Loan").

11.     The Final Loan Request sets forth the terms of the Loan. Specifically, the Loan was for a term of 104 weeks with an interest rate of 14%. Borrower is obligated to make weekly payments in the amount of $1,599.78. The Loan also had an origination fee of $5800.00.

12.     Borrower only made 15 weekly installment payments.

13.     Borrower has failed to make any further payments on the Loan.

14.     Section 8 of the Loan and Security Agreement specifically provides that if "Borrower shall fail to pay when due any amount of principal, interest or the Origination Fee hereunder or other amount payable hereunder" such failure shall constitute an "Event of Default."

15.     Section 9 of the Loan and Security Agreement provides that upon the occurrence of an Event of Default, Lender may immediately accelerate and collect on the entire outstanding balance of the Loan:

> Lender may without notice or demand declare the entire unpaid principal amount of the Loans, all interest accrued and unpaid thereon and all other amounts payable hereunder to be forthwith due and payable (*provided that*, upon the occurrence of any Event of Default under **Section 8(e)** or **(f)**, such acceleration shall be automatic), whereupon all unpaid principal of the Loans, all such accrued interest and all such other amounts shall become and be forthwith due and payable, without presentment, demand, protest, notice of protest and non-payment, notice of default, notice of acceleration or intention to accelerate, or further notice of any kind, all of which are hereby expressly waived by Borrower, and exercise any or all of

3

Lender's rights and remedies under the Loan Documents, the UCC and other applicable law.

16. The total outstanding balance on the Loan owed to Lender is $126,497.93.

17. Further, Sections 11 and 12 of the Loan and Security Agreement require Borrower to indemnify and reimburse Lender for any and all attorney's fees and other expenses incurred in the collection of the Loan upon an Event of Default.

18. In addition to executing the Loan Documents, Guarantor executed that certain Guaranty dated March 10, 2014, attached hereto as Exhibit E (the "Guaranty").

19. Through the Guaranty, Guarantor acknowledges that "[i]n order to induce Lender to extend credit to Borrower, Guarantor has agreed to guarantee the indebtedness and other obligations of Borrower to Lender." Accordingly, Guarantor has personally guaranteed Borrower's Indebtedness under the Loan Documents.

20. Pursuant to Section 13 of the Guaranty "Guarantor agrees to pay on demand all reasonable costs and expenses of Lender and reasonable fees and disbursements of counsel in connection with the enforcement, or preservation of any rights under, this Guaranty."

## COUNT I: BREACH OF CONTRACT AGAINST BORROWER NTC FINANCIAL, INC.

21. The allegations contained in paragraphs 1-20 above are hereby re-alleged as if fully set forth herein.

22. Borrower and Lender entered into the Loan Documents pursuant to which Borrower was obligated to repay the Loan pursuant to the terms set forth in the Loan Documents.

23. Borrower has ceased making the required payments on the Loan and is in default of its obligations.

24. Lender has performed each and every of its obligations under the Loan Documents and has attempted to collect the monies it is owed from Borrower, who remains in default.

25. Lender has been damaged by Borrower's breach of the Loan Documents.

**WHEREFORE**, MYBUSINESS LOAN.COM, LLC d/b/a DEALSTRUCK respectfully requests the Court:

A. enter judgment against Borrower for damages, including compensatory damages, attorney's fees and costs;

B. award interest, including pre-judgment interest; and

C. award such other and further relief as the Court deems just and proper.

### COUNT II: BREACH OF CONTRACT AGAINST GUARANTOR STEPHAN STANFEL

26. The allegations contained in paragraphs 1-25 above are hereby re-alleged as if fully set forth herein.

27. Guarantor is jointly and severally liable for Borrower's breach of the Loan Documents.

28. Borrower is in breach of the Loan Documents thereby causing Lender damage for which Guarantor is liable to Lender.

**WHEREFORE**, MYBUSINESS LOAN.COM, LLC d/b/a DEALSTRUCK respectfully requests the Court:

A. enter judgment against Guarantor for damages, including compensatory damages, attorney's fees and costs;

B. award interest, including pre-judgment interest; and

C. award such other and further relief as the Court deems just and proper.

## JURY TRIAL

Lender demands a trial by jury on all issues so triable.

                Respectfully submitted,

By:   /s/ *Angela M. Lipscomb*
Angela M. Lipscomb (Fla. Bar No. 31111)
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd., Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
E-mail: alipscomb@lebfirm.com
*Attorneys for Plaintiff*